UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-4865
(CR-99-20)

United States of America,

Plaintiff - Appellee,

versus

Harry Weaver, a/k/a Pen,

Defendant - Appellant.

O R D E R

The court amends its opinion filed September 14, 2000, as follows:

On page 2, footnote *, line 2 --  the phrase "Smith received sentences" is corrected to read "Weaver received sentences."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4865

HARRY WEAVER, a/k/a Pen,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-99-20)

Submitted: August 22, 2000

Decided: September 14, 2000

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew A. Victor, VICTOR & VICTOR, Charleston, West Virginia,
for Appellant. Melvin W. Kahle, Jr., United States Attorney, Sam G.
Nazzaro, Assistant United States Attorney, Stephen D. Warner, Assis-
tant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harry Weaver was convicted by a jury on two counts of manufacturing marijuana and one count of distribution of marijuana, in violation on 21 U.S.C. § 841(a) (1994). Weaver was ultimately sentenced to 120 months imprisonment on the two distribution counts and a concurrent sixty-month sentence on the distribution count. On appeal, Weaver alleges that (1) insufficient evidence supported the jury's verdict; (2) the district court erred in its calculation of relevant conduct; (3) the district court erred in denying Weaver a reduction in offense level for acceptance of responsibility; and (4) the district court erred in denying Weaver's motion for new trial. Finding no error, we affirm.

We have reviewed the formal briefs and joint appendix and find sufficient evidence to support the jury's verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). We also do not find any clear error in the court's calculation of relevant conduct.* See 18 U.S.C.A. § 3742(e) (West Supp. 2000); United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996) (district court's factual findings will be upheld absent clear error); see also United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994) (court may take relevant conduct into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct).

Furthermore, under the circumstances, we find no error in the

_____

* We have considered the effect of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and find that, because Weaver received sentences of imprisonment and terms of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. See United States v. Aguayo-Delgado, No. 99-4098, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

2

court's denial of a reduction in Weaver's sentence for acceptance of responsibility. <u>See United States v. Holt</u>, 79 F.3d 14, 17 (4th Cir. 1996) (this Court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error). Last, we find no abuse of discretion in the district court's denial of Weaver's motion for mistrial. <u>See United States v. West</u>, 877 F. 2d 281, 287-88 (4th Cir. 1989).

Accordingly, we affirm Weaver's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3